264              November 26, 2025              No. 1024

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAMASCUS LORD SEYMOR MENEFEE,
aka Larry Lee Brooks, Jr., aka Dominique Deweese,
aka Sovren Gray, aka Damascus Menefee,
aka Damascus Lord Menefee,
aka Damascus Lord Seymour Menefee,
aka Damascus Lordseymor Menefee,
aka Damascus Lord Seymor Menfee,
aka Geofrey Brooke Robinson,
aka Damascus Lord Seymour,
*Defendant-Appellant.*

Multnomah County Circuit Court
23CR60939; A185205

Eric L. Dahlin, Judge.

Submitted October 10, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Elise Josephson, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Reversed.

**EGAN, J.**

Defendant was convicted of giving false information to a peace officer, ORS 162.385(1)(a), after an incident at the Portland airport in which defendant gave a false name to an officer who found him sleeping there. ORS 162.385(1)(a) makes it a crime to give false information to a peace officer in connection with a citation when the "peace officer is issuing or serving the person a citation." On appeal, defendant argues that the trial court erred in denying his motion for a judgment of acquittal, because the state failed to present sufficient evidence that the officer was issuing a citation as opposed to investigating. The state concedes that the evidence is legally insufficient to prove that the officer was issuing a citation; rather, it shows that the officer was checking whether defendant had been contacted before by police at the airport and told defendant that "[m]y full intention is to just give you a warning" in the event that he had not already been excluded from the property. On this record, we agree with and accept the state's concession, and we reverse defendant's conviction.[1]

Reversed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.